Denise Carlon, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
(215) 627-1322
Attorneys for Rocket Mortgage, LLC F/K/A Quicken Loans, LLC F/K/A Quicken Loans Inc.

| | |
|---|---|
| IN THE MATTER OF: | **IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| Louis A Koehler IV | CHAPTER 13 |
| DEBTOR, | CASE NO. 23-13873 MBK |
| | NOTICE OF OBJECTION |

I, Denise Carlon, Esquire, for KML Law Group, P.C., attorney for Secured Creditor **Rocket Mortgage, LLC F/K/A Quicken Loans, LLC F/K/A Quicken Loans Inc.**, the holder of a Mortgage on the debtor's premises at **1279 Coulter Street, Toms River, NJ 08755,** hereby objects to the confirmation of the debtor's proposed Chapter l3 Plan for the following reasons:

1. On May 22, 2023, Secured Creditor filed a secured proof of claim on its mortgage, indicating a total amount due of $287,981.99.

2. Debtor's plan provides for payment in the amount of $287,981.99 towards the claim of the Secured Creditor.

3. The total base amount to be paid to the Chapter 13 Trustee is $18,480.00. Debtor intends to satisfy plan obligations through the sale of the real property at 1279 Coulter Street, Toms River, NJ 08755.

4. The plan indicates that the claim of the secured creditor will be paid in full through the Chapter 13 plan by a sale of its collateral. Any payoff of the Secured Creditor's claim must be calculated according to New Jersey state law. See 11 U.S.C 1325(a)(5)(B)(I)(aa).

5. The Debtor's proposed plan calls for the sale of premises at which sale provision does not satisfy the feasibility requirements of 11 U.S.C. 1325(a)(6) in that the debtor shows no proof of value and further does not evidence how much is being paid to the Secured Creditor through the plan.

6. The Debtor's plan does not indicate a time frame within which the Debtor's property will be sold and whether the Debtor will continue to make the monthly mortgage payments outside the Chapter 13 plan.

7. Accordingly, Debtor's plan is NOT feasible, as it does not fully compensate the Secured Creditor.

8. In addition, the debtor's plan fails to comply with 11 U.S.C. 1322 and 11 U.S.C. 1325.

In the event the debtor cures the aforesaid payments due outside the Chapter 13 Plan prior to the Confirmation Hearing, the undersigned will not appear at the Confirmation Hearing and aforesaid objections should be deemed waived.

**/s/Denise Carlon, Esquire**
Denise Carlon, Esquire
Attorney for Rocket Mortgage, Llc F/K/A Quicken Loans, Llc
F/K/A Quicken Loans Inc.

Dated:  June 29, 2023